■ In the Matter of NEW YORK TELEPHONE COMPANY, Respondent, v CITY ASSESSOR OF THE CITY OF YONKERS et al., Appellants.—In a proceeding pursuant to Real Property Tax Law article 7 to review the legality of the tax assessment for the 1985 assessment year against certain real property designated as Block 55000, lot 005-000 on the official tax map of the City of Yonkers, the appeal is from a judgment of the Supreme Court, Westchester County (Palella, J.), entered February 27, 1987, which, *inter alia,* granted the petitioner's motion for summary judgment, declared the assessment illegal, and directed the appellants to refund all taxes paid by the petitioner as a result of the illegal assessment.

Ordered that the judgment is affirmed, without costs or disbursement.

Laws of 1985 (chs 71, 72) amended the Real Property Tax Law to, *inter alia,* exclude "appurtenances" such as station equipment or station apparatus from the definition of real property for tax purposes (RPTL 102 [12] [d], as amended by L 1985, ch 71, § 2). The exclusion took effect as of the date of enactment, April 29, 1985, and applied retroactively "with respect to assessment rolls required by law to be completed on and after January first, nineteen hundred eighty-five" (L 1985, ch 71, § 13, renum § 14 by L 1985, ch 463, § 7, as amended by L 1985, ch 463, § 8).

We find that the "station equipment" exclusion applied to the City of Yonkers 1985 assessment roll which was "finally completed" as required by law, on March 10, 1985 (supp to City of Yonkers Charter, art VIII, § C8-2), well after the January 1, 1985 retroactive application date of the legislation creating the exclusion. Although the Yonkers City Council had adopted the assessment roll, which included an assessment for the petitioner's station equipment or station apparatus and had levied taxes thereon prior to the legislation's enactment, Laws of 1985 (ch 71, § 10), as amended by Laws of 1985 (ch 463, § 7), expressly provided for the correction of an assessment roll and the refund of taxes in this situation "[n]otwithstanding the provisions of any general, special or local law to the contrary" *(see,* RPTL 554).

We have considered the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.